UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 14 2950

BLOCK, J.

BORUCH OLDAK on behalf of himself and
all other similarly situated consumers

                Plaintiff,

SCANLON, M.J.

    -against-

CREDIT BUREAU OF NAPA COUNTY, INC.
D/B/A CHASE RECEIVABLES

                Defendant.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAY 08 2014   ★

LONG ISLAND OFFICE

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Boruch Oldak seeks redress for the illegal practices of Credit Bureau Of Napa County, Inc. d/b/a Chase Receivables in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Sonoma, California.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Boruch Oldak*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about November 27, 2013, Defendant sent the Plaintiff collection letters seeking to collect a balance allegedly incurred for personal purposes.

12. The said letters stated: "We apologize that a possible hardship or pitfall may have prevented you from satisfying your obligation. It is with this in mind that we would like to offer you a limited time offer opportunity to satisfy your outstanding debt."

13. The letters then went on to provide various limited time settlement offers with due dates upon which those offers where required to be paid by.

14. Defendant stated the above language in order to create a sense of urgency in Plaintiff and make him think that he was under a non-existent deadline.

15. Defendant's letters are misleading and deceptive in that its statements: "It is with this in mind that we would like to offer you a limited time offer opportunity to satisfy your

outstanding debt," among other such statements, imply a time deadline.

16. Upon information and belief, there were no time deadlines; rather, Defendant made these statements solely to create a false sense of urgency by the Plaintiff.

17. At all times herein, Defendant's written communications to Plaintiff were false, deceptive, and misleading.

18. Defendant violated 15 U.S.C. § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt.

19. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

20. Defendant violated 15 U.S.C. § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

21. Section 1692d provides that a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." See 15 U.S.C. §1692d. The proper legal standard under § 1692d takes into consideration the fact that "[w]hether a consumer is more or less likely to be harassed, oppressed, or abused by certain debt collection practices does not relate solely to the consumer's relative sophistication." Courts instead use a standard analogous to the least sophisticated consumer standard, which requires "claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse."

22. Sections 1692e and 1692e(10) prohibit the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a

consumer. This general prohibition is intended to cover the deceptive collection acts and practices that do not fit the specific prohibitions given in the subsections of this section, as it would be impossible for Congress to foresee and list every type of deceptive collection misbehavior.

23. In the context of settlement letters, many courts have held that settlement letters can be a positive for both debt collectors and consumers. Nevertheless, in keeping with the statutory requirements, collection agencies may not be deceitful in the presentation of the settlement offer.[1] In *Goswami*, the Fifth Circuit was presented with a letter from the defendant that stated that it could offer the plaintiff a 30% discount as long as it responded within the next 30 days, even though the defendant had authority to offer the discount for longer than the 30 days. Id. In reversing the district court's grant of summary judgment in favor of the defendant, the Fifth Circuit held that:

> While we agree it is important to permit collection agencies to offer settlement, that policy consideration does not remove collection agencies' obligation under the FDCPA to deal in a non- deceitful manner. A collection agency may offer a settlement; however, it may not be deceitful in the presentation of that settlement offer, as [defendant] was in this case…[The defendant's] deception is actionable under the FDCPA and is not excused because it is part of a debt collector's settlement offer.

Id. at 495-95. Referring to the actual letter at issue in *Goswami*, the court determined that for the following reasons, the defendant's letter was a violation of the FDCPA:

> The statement in the collection letter is untrue and makes it appear that [the original creditor's] offer of a 30% discount was a one-time, take-it-or-leave-it offer that would expire in thirty days. The obvious purpose of the statement was to push [the

---

[1] Campuzano-Burgos v. Midland Credit Management, Inc., 550 F.3d 294, 299 (3d Cir. 2008) citing Goswami v. Am. Collections Enter., 377 F.3d 488, 496 (5th Cir.2004)).

plaintiff] to make a rapid payment to take advantage of the purported limited time offer.

24. Defendant's use of illusory and arbitrary deadlines were meant to deceive the Plaintiff to make a prompt payment.

25. Defendant claimed that its settlement offers in the said letters were strictly contingent upon payment being received in the amounts stated in the respective letters by the due dates stated, but upon information and belief, Defendant's time deadlines are artificial. The Defendant intended to give the false impression that if the consumer does not pay the settlement offer by the deadline, then the consumer will have no further chance to settle their debt for less than the full amount.

26. Upon information and belief, the original creditor did not put any limitations on the time within which Plaintiff could accept an offer.

See. DeGeorge v. Fin. Recovery Servs., 2012 U.S. Dist. LEXIS 140966, 19-20 (E.D. Pa. Sept. 27, 2012) (Stating "while the safe harbor language may ensure that the consumer will not perceive these letters as one-time offers, plaintiff alleges that the 35-day deadlines in the letters did not exist at all. Therefore, whether the least sophisticated consumer would perceive the [collection] letters as "one-time, take-it-or-leave-it" offers or as potentially renewable offers, each letter still contained false and misleading information because, as alleged by plaintiff, no deadline existed at all.)

27. The inclusion of a deadline in a settlement offer itself does not violate the FDCPA. However, in order to act consistently with 1692e, the debt collector "may not be deceitful in the presentation of the settlement offer."[2]

28. Where a debt collection letter contains an offer to settle by a specified date and makes it

---

[2] Campuzano, 550 F.3d at 299 (quoting Goswami v. Am. Collections Enter., 377 F.3d 488, 496 (5th Cir. 2004)).

appear therein that such offer is a "one-time, take-it-or-leave-it offer", when in fact the debt holder is prepared to make other offers after the expiration date, the letter contains a false statement in violation of the FDCPA.[3] A letter that leaves a consumer with such a false impression violates 1692e because an unsophisticated consumer may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount.

See. DeGeorge v. Fin. Recovery Servs., 2012 U.S. Dist. LEXIS 140966, 19 (E.D. Pa. Sept. 27, 2012) (The court stated "In *Evory* … [T]he Seventh Circuit held that if a collection letter contained the language, "We are not obligated to renew this offer", an unsophisticated consumer would not be misled because "even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured… The safe harbor language in *Evory* did not authorize debt collectors to present deadlines in collection letters that were in fact non-existent. Therefore, I conclude that plaintiff's allegations that the collection letters included false deadlines — even if those deadlines were presented as renewable offers — is sufficient to state a claim under 1692e" The court noted "Moreover, I conclude that misrepresentations concerning deadlines in a collection letter constitute material misrepresentations. Therefore, plaintiff has stated a claim under 1692e even if non-material, false representations do not violate the FDCPA.")

29. Section 1692f of the FDCPA provides that a debt collector may not use "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. Section 1692f then goes on to enumerate eight particular practices which are unfair or

---

[3] Dupuy v. Weltman, Weinberg & Reis Co., 442 F.Supp.2d 822, 828 (N.D.Cal. 2006); [19] see also Goswami, 377 F.3d at 496.

unconscionable. However, § 1692f is not limited by this list of eight practices, and prohibits all unfair or unconscionable conduct on the part of a debt collector. <u>Reed v. Pinnacle Credit Services, LLC</u>, 2009 WL 2461852 (E.D. Pa. Aug. 11, 2009.) ("The list of § 1692f violations found in the subsections are non-exhaustive") (Internal citations and quotations omitted).

30. A claim under FDCPA provision prohibiting debt collector from "using unfair or unconscionable means to collect or attempt to collect any debt" should be viewed through lens of the "least-sophisticated consumer."

31. The clear intention of the said letters is to pressure the Plaintiff to come up with money before the illusory misleading deadlines run out.

32. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letters to the Plaintiff.

33. The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

34. The said letters are standardized form letter.

35. Defendant's November 27, 2013 letters are in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f for engaging in deceptive, misleading, and unfair practices.

36. The said letters also stated in pertinent part as follows: "Pay via a Credit Card ($14.95 Chase Receivables processing fee where applicable.") and "Electronic Check Payments can be done over the phone ($9.95 Chase Receivables processing fee where applicable.")

37. The notification and collection of the said processing fees is unlawful. See e.g. *Shami v. National Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) (The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language "you can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account."), *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham*, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (The plaintiff stated a viable FDCPA claim by alleging that the defendant collected or attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt.), *Quinteros v. MBI Assocs.*, 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb. 27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone.)

38. Defendant's processing fee demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

39. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty eight (38) as if set forth fully in this cause of action.

40. This cause of action is brought on behalf of Plaintiff and the members of a class and a subclass.

41. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letters as the letters sent to the Plaintiff on or about November 27, 2013; and (a) the collection letters were sent to a consumer seeking payment of a personal debt purportedly owed to Montgomery Wards and Amerimark; and (b) the collection letters were not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692d, 1692e 1692e(10), and 1692f for engaging in deceptive, misleading, and unfair practices.

42. The subclass consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about November 27, 2013, sent within one year prior to the date of the within complaint; (a) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Montgomery Wards and Amerimark; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(2) and 1692f(1) for making a false representation that it was entitled to receive compensation for payment by credit card.

43. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a) Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such collection letters, (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

44. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

45. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.


46. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

47. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

48. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
May 6, 2014

*[signature]*

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

*[signature]*

Adam J. Fishbein (AF-9508)

DEBT-ACCV-CS20234725
PO BOX 4115
CONCORD CA 94524

PERSONAL & CONFIDENTIAL

Address Service Requested
#BWNFTZ# #CHR052184311253#

BORUCH OLDAK  09483001-MY
APT D1
5 WESTMINSTER RD
BROOKLYN, NY 11218-2816

**CHASE RECEIVABLES**
A Professional Collection Agency
877-256-2510

November 27, 2013

Send payments/Correspondence To:
Chase# 09483001-MY    DM
Chase Receivables
1247 Broadway
Sonoma, CA 95476

IMPORTANT: TO RECEIVE PROPER CREDIT BE SURE TO ENCLOSE THIS PORTION WITH YOUR PAYMENT

Office Handling Your Account.
Office Hours:
PLEASE CALL BETWEEN
Monday-Friday 6:00am to 6:30pm PST
Saturday 7am to 2:30pm PST

CREDITOR: AMERIMARK -DMS
CREDITOR ACCT#: 41100109259010  04A
DR LEONARD'S - DMS
ACCT#: 09483001
AMOUNT DUE: 297.83

Dear BORUCH OLDAK,

This letter is to inform you of a special offer to resolve your overdue account with our client. We apologize that a possible hardship or pitfall may have prevented you from satisfying your obligation. It is with this in mind that we would like to offer you a limited time offer opportunity to satisfy your outstanding debt. We are presenting four options that will enable you to avoid further collection activity being taken against you.

Please note that you may have additional outstanding accounts that do not qualify for this offer.

OPTION 1: A settlement of 50% OFF of your current balance, SO YOU ONLY PAY $148.92 in ONE PAYMENT that must be received in this office on or before **DECEMBER 15th, 2013**.

OPTION 2: A settlement of 40% OFF of your current balance, SO YOU ONLY PAY $178.70 in ONE PAYMENT that must be received in this office on or before **DECEMBER 31st, 2013**.

OPTION 3: A settlement of 30% OFF of your current balance, SO YOU ONLY MAKE TWO PAYMENTS OF $104.24 EACH the first payment must be received on or before **DECEMBER 15th, 2013** and the second by **JANUARY 15th, 2014**.

OPTION 4: Monthly payment plan on full balance

If you are interested in taking advantage of one of these terrific opportunities or if you have any questions, you MUST contact our office as soon as possible at 877-256-2510 (toll free). When you call, please let your representative know that you have received the CHASE Receivables Option Letter and tell us whether you would like to take advantage of the SETTLEMENT OPTION or the PAYMENT Option.

If we do not hear from you, we are forced to assume that you do not intend to resolve your obligation on a voluntary basis and we will recommend that our client proceed with further collection activity.

Sincerely,
Chase Receivables

---

**You have 6 easy payment options:**
1. Send us a check-Make all checks payable to AMERIMARK -DMS and send to the payment address above.
2. Pay via a Credit Card  ($14.95 Chase Receivables processing fee where applicable)
3. Pay via Western Union
4. Pay via the web www.chaserec.com/paymethod.php PIN# 55576.*
5. Call us at the number shown above and one of our representatives will be happy to assist you!
6. Electronic Check Payments can be done over the phone ($9.95 Chase Receivables processing fee where applicable)

* Selecting this option enables you to make a payment 24 hours a day, 7 days a week - and you do not need to speak to a representative.

---

THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A COLLECTION AGENCY.

CHR182-1105-4779468583226

New York City Department of Consumer Affairs license number 1016362

"A creditor may sue you to collect on this debt. Even if the creditor wins and obtains a judgment against you, state and federal laws prevent certain 'exempt' moneys from being taken to satisfy that judgment. Income that you receive from the following sources may be 'exempt' from collection:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits; and
10. Federal student loans, federal student grants, and federal work study funds."

| PATIENT NAME | ACCT # | INVOICE NUMBER | | PRINCIPAL | AMOUNT |
|---|---|---|---|---|---|
| AMERIMARK -DMS | 09483001 | 41100103259010 | 04A | 297.83 | 297.83 |
| | | | | Total........> | 297.83 |

CHR152st-1'23-417646858 2326

DEPT 1011   C45841311257
PO BOX 4115
CONCORD CA 94524

PERSONAL & CONFIDENTIAL

Address Service Requested
#BWNFTZF #CHRC45341311257#

BORUCH D OLDAK  09461815-MY
5 WESTMINISTER RD APT D1
BROOKLYN, NY 11218-2818

**CHASE RECEIVABLES**
A Professional Collection Agency
877-256-2510

November 27, 2013

Send payments/Correspondence To:
Chase# 09461815-MY   DM
Chase Receivables
1247 Broadway
Sonoma, CA 95476

IMPORTANT: TO RECEIVE PROPER CREDIT BE SURE TO ENCLOSE THIS PORTION WITH YOUR PAYMENT

Office Handling Your Account
Office Hours:
PLEASE CALL BETWEEN
Monday-Friday 6:00am to 6:30pm PST
Saturday 7am to 2:30pm PST

CREDITOR: MONTGOMERY WARDS - DMS
CREDITOR ACCT#: 516304549290
GRANDPOINTE - DMS
ACCT#: 09461815
AMOUNT DUE: 340.13

Dear BORUCH D OLDAK,

This letter is to inform you of a special offer to resolve your overdue account with our client. We apologize that a possible hardship or pitfall may have prevented you from satisfying your obligation. It is with this in mind that we would like to offer you a limited time offer opportunity to satisfy your outstanding debt. We are presenting four options that will enable you to avoid further collection activity being taken against you.

Please note that you may have additional outstanding accounts that do not qualify for this offer.

OPTION 1: A settlement of 50% OFF of your current balance, SO YOU ONLY PAY $170.07 in ONE PAYMENT that must be received in this office on or before DECEMBER 15th, 2013.

OPTION 2: A settlement of 40% OFF of your current balance, SO YOU ONLY PAY $204.08 in ONE PAYMENT that must be received in this office on or before DECEMBER 31st, 2013.

OPTION 3: A settlement of 30% OFF of your current balance, SO YOU ONLY MAKE TWO PAYMENTS OF $119.05 EACH the first payment must be received on or before DECEMBER 15th, 2013 and the second by JANUARY 15th, 2014.

OPTION 4: Monthly payment plan on full balance

If you are interested in taking advantage of one of these terrific opportunities or if you have any questions, you MUST contact our office as soon as possible at 877-256-2510 (toll free). When you call, please let your representative know that you have received the CHASE Receivables Option Letter and tell us whether you would like to take advantage of the SETTLEMENT OPTION or the PAYMENT Option.

If we do not hear from you we are forced to assume that you do not intend to resolve your obligation on a voluntary basis and we will recommend that our client proceed with further collection activity.

Sincerely,

Chase Receivables

---

You have 6 easy payment options:

1. Send us a check-Make all checks payable to MONTGOMERY WARDS - DMS and send to the payment address above.
2. Pay via a Credit Card. ($14.95 Chase Receivables processing fee where applicable)
3. Pay via Western Union
4. Pay via the web www.chaserec.com/paymethod.php PIN# 38768.*
5. Call us at the number shown above and one of our representatives will be happy to assist you!
6. Electronic Check Payments can be done over the phone ($9.95 Chase Receivables processing fee where applicable)

* Selecting this option enables you to make a payment 24 hours a day, 7 days a week - and you do not need to speak to a representative.

---

THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE
THIS COMMUNICATION IS FROM A COLLECTION AGENCY.

New York City Department of Consumer Affairs license number 1016382

"A creditor may sue you to collect on this debt. Even if the creditor wins and obtains a judgment against you, state and federal laws prevent certain 'exempt' moneys from being taken to satisfy that judgment. Income that you receive from the following sources may be 'exempt' from collection:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits; and
10. Federal student loans, federal student grants, and federal work study funds."

| PATIENT NAME | ACCT # | INVOICE NUMBER | PRINCIPAL | AMOUNT |
|---|---|---|---|---|
| MONTGOMERY WARDS - DMS | C9461815 | 516304545290 | 340.13 | 340.13 |
| | | | Total....  ....> | 340.13 |